MORGAN vs. HAMMETT and others: Appeal of MAGOON and others.

*Vacating judgment in this court: Costs of appeal: Rights of attorneys.*

On appeal from an order refusing to vacate an order awarding a writ of assistance to put respondent in possession of certain premises, a judgment of affirmance entered here, under Rule 17 (for nonappearance of appellant's counsel when the case was called), is vacated (such nonappearance being excused), and the appeal is dismissed *without costs*, pursuant to a stipulation of the parties, *against the objection of respondent's attorney*, the claim of the latter for services and disbursements, whether before or since the judgment below, being sufficiently secured by lien on the lands awarded to respondent by that judgment.

APPEAL from the Circuit Court for *Rock* County.

Motion to vacate a judgment of affirmance, and to dismiss the appeal without costs. The case is stated in the opinion.

*H. S. Magoon*, for the motion.

*Richard Carter*, in behalf of S. W. Reese, Esq., *contra*, cited numerous authorities to the point that an attorney has a lien upon a case, and upon the judgment which may be obtained therein, for his costs and disbursements, if not for his services; and further argued that if a settlement is made in fraud of the attorney's rights, he may continue the action, and take judgment for costs. *Rasquin vs. Knickerbocker Stage Co.*, 12 Abb. Pr., 324; *S. C.*, 21 How. Pr., 293; *Keenan v. Dorflinger*, 12 Abb. Pr., 327, note, and 19 How. Pr., 153; *Owen v. Mason*, 18 How. Pr., 156; *Wood v. N. W. Presb. Church*, 7 Abb. Pr., 210, note; *Rice v. Garnhart*, 35 Wis., 282. Counsel also read an affidavit of Mr. Reese, the substance of which is stated in the opinion.

LYON, J. The action was brought about twenty years ago, to foreclose a mortgage. After an appeal to this court had been determined (23 Wis., 30), the plaintiff recovered, and the mortgaged premises were sold pursuant to the judgment therein, and bid in by the plaintiff. The sale was duly confirmed, and the proper conveyance executed to the plaintiff. While the cause was pending in this court, *Henry S. Magoon* acquired the interests of the defendants in the mortgaged premises, and afterwards had some litigation with the plaintiff relative to certain alleged tax liens held by him thereon (34 Wis., 512).

In 1876 a writ of assistance was issued out of the circuit court, to put the plaintiff in possession of the mortgaged premises. The appeal is from an order refusing to set aside and vacate such writ.

When the cause was called in its order on the calendar, the appellants failed to appear or present a brief and, on motion of counsel for the respondent, the order appealed from was

Morgan vs. Hammett and others.

affirmed, under Rule 17 of this court. Afterwards, the appellants moved to vacate the judgment, and to dismiss the appeal without costs, pursuant to a stipulation to that effect, in writing, signed by the plaintiff and *Mr. Magoon.* The nonappearance of the appellants when the case was called in its order, is satisfactorily excused.

The motion is resisted by the attorney for the respondent, on the ground that the latter is largely indebted to him for services and disbursements in the action; that it was agreed between them that the attorney should have a lien therefor on the judgment, and on the lands purchased by the respondent under it; and that *Mr. Magoon* had due notice of such indebtedness and agreement before he entered into the stipulation which is now sought to be enforced.

We decided during the argument, that the judgment of affirmance entered pursuant to the rule must be vacated, and the appeal dismissed, and confined the argument to the question whether the same should be dismissed without costs, pursuant to the stipulation, or with costs, notwithstanding the stipulation.

The affidavit of the attorney for the respondent, read in opposition to the motion, shows that the mortgaged premises conveyed to his client are ample security for his services and disbursements; and if he has any lien on such premises therefor, such lien will include *all* his services and disbursements, as well those accruing after judgment as before. Hence he does not require for his protection a judgment for costs on this appeal, for that would only be to change the form of his security for a small portion of his claim, which, on his own theory, is amply secured without it.

The matter is too trifling and inconsequential to make it our duty to go into an elaborate discussion of the rights of attorneys in such cases.

*By the Court.* — The appeal is dismissed without costs, and without costs of this motion.